Bohn, J.

Introduction

When she was ten years old, the plaintiff in this civil action, Amiee Bailey, was allegedly abused sexually by her step-father, James Coughlin (“Coughlin”). In February 1998, some eighteen years later, the plaintiff confided in the defendant that Coughlin had abused her. She asked the defendant not to tell Coughlin that she had reported the abuse.
The defendant has been the physician for the plaintiffs’ entire extended family for many years. He has cared for the plaintiff, for her parents and for her children. In February 1998, when she told the defendant that she had been sexually abused by her stepfather, the plaintiff expected that the defendant would respect the confidential nature of that information.
In June 1998, when Coughlin visited the defendant for routine medical care, the defendant told Coughlin that the plaintiff had reported to him the prior sexual abuse. The consequences of that communication to Coughlin, done in violation of the plaintiffs expectation of privacy, are not fully developed. It appears, however, that Coughlin did communicate at least one threat to plaintiff through plaintiffs mother and, in any event, the simple disclosure of what should have been a protected, confidential report of sexual abuse has caused plaintiff to fear her step-father and to take particular precautions to protect herself and her family-
The plaintiff has brought this civil suit alleging violation of the common law physician-patient relationship, and violation of G.L.c. 214, §1B, astatutorily created right to privacy. The defendant has filed a motion for summary judgment in which he argues essentially that he cannot be held liable for damages “(b)ased upon the plaintiffs fear of a future criminal act by a third person”; however, that argument misses the point. The issues in this law suit have little to do with Coughlin’s actions, expressed or implied, present or future, but, rather, are whether the defendant violated his common law duty to respect his patient’s confidentiality (Count I of the Complaint), and whether the interference with the plaintiffs right to privacy, if it occurred, was unreasonable, substantial or serious within the meaning of G.L.c. 214, §1B (Count II of the Complaint). Resolution of those ultimate issues, as well as the existence and measure of damages, if appropriate, require the resolution of genuine issues of material fact — a resolution that can only be accomplished following trial on the merits. See Ellis v. Safety Insurance Co., 41 Mass.App.Ct. 630, 637-38 (1996). Accordingly, defendant’s motion for summary judgment will be denied.

ORDER

For the reasons stated above, defendant’s motion for summary judgment is DENIED.